**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWIN ANTONIO LUNA CORNEJO, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 14-72711 <br><br> Agency No. A200-943-696 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 27, 2019[**]

Before:     WALLACE, FARRIS, and TROTT, Circuit Judges.

Edwin Antonio Luna Cornejo, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

We review questions of law de novo, *Pirir-Boc v. Holder*, 750 F.3d 1077, 1081 (9th Cir. 2014), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review the agency's factual findings for substantial evidence. *Parada v. Sessions*, 902 F.3d 901, 908 (9th Cir. 2018).

The BIA did not err in holding that Luna Cornejo failed to establish persecution or a well-founded fear of persecution on account of his membership in a cognizable social group. *See* 8 U.S.C. § 1101(a)(42)(A); *Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016). *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1091 (9th Cir. 2013) (en banc) does not control our analysis of this case, for two reasons. First, the social group at issue in *Henriquez-Rivas* was "witnesses who testify against gang members." Luna Cornejo did not testify in court about any of his problems with MS gang members. We did not hold in *Henriquez-Rivas* that the group at issue qualified as a cognizable social group. We remanded the issue to the BIA for a determination of that question.

Second, as held by the BIA, Luna Cornejo did not satisfy his evidentiary burden to demonstrate that the group to which he refers is socially distinct within the society in question.

2

Accordingly, there is no reason to remand this matter to the BIA for further consideration.

Thus, we deny the petition for review as to Luna Cornejo's asylum and withholding of removal claims, for both of which he was not eligible.

Substantial evidence supports the BIA's denial of CAT relief because Luna Cornejo failed to establish that it is more likely than not that he will be tortured by or with the consent or acquiescence of the government of El Salvador. *See* 8 C.F.R. § 1208(a)(7); *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1059 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**